UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ILLIM CHONG,

    Debtor.
_____/

YONG SUN JACCHIA, et al.,

    Plaintiffs,

vs.

ILLIM CHONG, et al.,

    Defendants.
_____/

Case No. 6:06-bk-02560-ABB
Chapter 7

**FILED**

**OCT 0 5 2007**

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

Adv. Pro. No. 6:07-ap-00007-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) filed by Yong Sun Jacchia and William F. Jacchia, the Plaintiffs herein (collectively, the "Plaintiffs"), against Illim Chong a/k/a Illim Cho ("Debtor") and Deok Chong a/k/a Deok Cho, the Defendants herein (collectively, the "Defendants"), to determine the dischargeability of a debt. A final evidentiary hearing was held on August 8, 2007 at which the Debtor, counsel for the Defendants, and the Plaintiffs, *pro se*, appeared. The parties were granted leave to file closing briefs.[1] The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

---

[1] The Defendants filed a Closing Argument (Doc. No. 17) and the Plaintiffs filed a Rebuttal to Closing Argument (Doc. No. 19).

## FINDINGS OF FACT

The Debtor filed an individual Chapter 7 bankruptcy case on September 28, 2006 ("Petition Date") and received a discharge on January 12, 2007. The Plaintiffs are listed as unsecured creditors in the Debtor's Schedule F. The Court's CM/ECF records indicate the Debtor's estranged husband Deok Chong a/k/a Deok Cho ("Co-Defendant") is not and has not been a debtor in the Middle District of Florida.

The Debtor admits she owes the Plaintiffs $14,839.54 relating to the prepetition sale of a convenience store known as Kim's Market, Inc. located in Indian Harbour Beach, Florida ("Store"). The Plaintiffs and the Defendants executed an Agreement for Purchase and Sale of Business on April 22, 2005 ("Agreement") pursuant to which the Plaintiffs agreed to sell and the Defendants agreed to purchase the Store and certain assets for $50,000.00.[2] Paragraph 1.1 of the Agreement titled "Assets Purchased" identifies the assets subject to sale and provides:

> The SELLER shall sell, assign, and transfer to BUYERS on April 22, 2005 all of the assets (herein 'Assets') (Exhibit 'A' – Inventory of Assets) relating to SELLER'S operation of the business of KIM'S MARKET, INC. of 910 Pinetree Drive, Indian Harbour Beach, Florida 32931. The sale shall consist of all of the goodwill of the business as a going concern, all of the SELLERS' rights under its contract and agreements including all the assets listed. This sale does not include real property out of which the business is operated, which real property is the subject of a separate lease agreement between the SELLER and the Landlord. The sale does not include insurance coverage under any existing policies nor the right to assume those policies. Additionally, this sale does not include any accounts payable, cash on hand or in any banks at the date of closing.

The Agreement as presented does not contain an Exhibit A.

The Defendants paid the Plaintiffs approximately $40,000.00 pursuant to the Agreement, but failed to pay the balance of the purchase price. The Plaintiffs brought suit against the

---

[2] Doc. No. 16, Defendants' Exh. No. 1.

2

Defendants in the County Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida ("State Court") captioned *Yong Sun Jacchia and William F. Jacchia v. Ilim Cho and Deok Cho*, Case No. 05-2006 CC 34634. The Defendants filed an Answer, but did not appear for trial. A Final Judgment was entered by the State Court on May 9, 2006 awarding the Plaintiffs $12,339.54, plus attorney's fees of $2,500.00, for a total of $14,893.54 with interest accruing at the rate of nine percent per annum.[3]

The Plaintiffs timely filed a complaint, in the form of a one-page letter ("Complaint"), objecting to the dischargeability of the State Court judgment debt "pursuant to title 11 U.S.C. 523(c)."[4] The Plaintiffs reference only the Debtor in their Complaint, but filed an Adversary Proceeding Cover Sheet in which they name the Debtor and the Co-Defendant as Defendants.[5]

Section 523(a) sets forth a list of debts that are not dischargeable in bankruptcy. The Plaintiffs do not specify which subsection of 523(a) forms the basis of their Complaint. They have not alleged or established any bad acts committed by the Debtor, such as false pretenses, fraud, defalcation as a fiduciary, larceny, or willful and malicious injury, which would constitute grounds for determining the judgment debt nondischargeable.

The Plaintiffs seek return of a leased credit card machine the Defendants obtained possession of through the sale of the Store. The lessor First Data assesses monthly lease charges for the credit card machine against the Plaintiffs and they continue to pay those charges.[6] The Plaintiffs assert the credit card machine was not transferred to the Defendants as part of the sale. The Debtor asserts the credit card machine was transferred to her through the sale and she then

---

[3] Doc. No. 9.
[4] Doc. No. 1. A joint answer was filed by the Defendants (Doc. No. 9).
[5] Doc. No. 1.
[6] Doc. No. 15, Plaintiffs' Exh. No. 1.

3

gave it to a friend. The Agreement at Paragraph 1.1 does not exclude the credit card machine as a purchased "Asset." It is unknown, however, whether the credit card machine was included in the Exhibit A list referenced in Paragraph 1.1 since Exhibit A was not provided.

The Court directed the Debtor to investigate the whereabouts of the credit card machine. The Debtor reported she "gave the machine to a friend who operates an area restaurant" and was "told the machine was found to be non functional and thrown away some time ago."[7] It cannot be determined based upon the evidence presented whether the credit card machine was an asset transferred pursuant to the Agreement. The Plaintiffs have failed to establish the Debtor committed any wrongdoing with respect to the credit card machine that would form a basis for a nondischargeability determination.[8]

The State Court judgment debt is a general unsecured debt, typical of those debts found in most Chapter 7 cases. There is nothing unique about the debt that would result in it being nondischargeable. The Plaintiffs have failed to establish the debt is nondischargeable. The indebtedness owed by the Debtor to the Plaintiffs pursuant to the State Court judgment is dischargeable.

The Co-Defendant is not a debtor in bankruptcy in the Middle District of Florida. No basis exists for naming the Co-Defendant as a defendant in this nondischargeability matter. The Co-Defendant is due to be dismissed as a defendant.

---

[7] Doc. No. 18.

[8] Whether the Plaintiffs have a colorable cause of action based upon non-bankruptcy law against the Defendants regarding the credit card machine is a not matter to be determined by a Bankruptcy Court.

## **CONCLUSIONS OF LAW**

The Plaintiffs challenge the dischargeability of the State Court judgment debt pursuant to "Section 523(c)" of the Bankruptcy Code. Section 523(a), not Section 523(c), is the operative Bankruptcy Code provision governing nondischargeability. Section 523(a) in its various subsections sets forth the debts that are not dischargeable in bankruptcy. The Plaintiffs have not plead or articulated a specific Section 523(a) provision pursuant to which they seek a nondischargeability determination.

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2007). Section 523(a) "should be strictly construed against the creditor and liberally in favor of the debtor." In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993). "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." 4 COLLIER ON BANKRUPTCY ¶523.05, at 523-24 (15th ed. rev. 2005).

The Plaintiffs have failed to plead or establish any wrongdoing by the Debtor that would constitute a basis for nondischargeability. They have failed to plead or establish any of the elements of Sections 523(a)(2), 523(a)(3), 523(a)(4), or 523(a)(6).[9] The State Court judgment is a general unsecured debt. It is dischargeable. Judgment will be entered in favor of the Debtor.

The Plaintiffs have failed to establish a basis for naming the Co-Defendant as a defendant in this matter and he is due to be dismissed as a defendant.

---

[9] The various other subsections of Section 523(a) are not applicable to this matter.

5

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Defendant Deok Cho a/k/a Deok Chong is hereby **DISMISSED** as a defendant.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 5th day of October, 2007.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge

6